FOLEY & LARDNER LLP
EILEEN R. RIDLEY, BAR NO. 151735
KEVIN F. WOODALL, BAR NO. 180650
NINA KANI, BAR NO. 221652
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3409
Telephone: 415.434.4484

Attorneys for Defendant E-LOAN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHZAD MOUSAI, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>E-LOAN, INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. C 06-01993 SI<br><br>Hon. Susan Illston<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF PUTATIVE CLASS/COLLECTIVE ACTION MEMBER IDENTIFICATION** |

This Stipulation is entered into by and between Plaintiffs BEHZAD MOUSAI, DARCY WILLS, ANTHONY JONES, MICHELLE LUM, BOB ASMEGA and all others who file consents to "opt-in" the matter, if any (collectively "Plaintiffs"), by and through their undersigned counsel, and defendant E-LOAN, INC. ("E-Loan" or the "Company"), by and through its undersigned counsel. Plaintiffs and the Company are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Plaintiffs have filed an action in the United States District Court for the Northern District of California styled *Mousai, et al. v. E-Loan, Inc.*, Case No. 06-01993 SI;

WHEREAS, Plaintiffs claim, among other things, that the Company has misclassified Plaintiffs as exempt from overtime requirements under the Fair Labor Standards Act ("FLSA") and the California wage and hour laws, and, as a result, has not provided overtime compensation

for overtime hours worked (the "Claims");

WHEREAS, Plaintiffs seek to bring a California-wide FLSA collective action on behalf of all persons who are employed or have been employed by Defendants as "loan consultants" in California at any time since December 23, 2002, and a California law Rule 23 class action on behalf of all persons who are employed or have been employed by Company as "loan consultants" in California at any time since December 23, 2001. Plaintiffs define "Loan consultants" as including, but not limited to, the job titles of Loan Consultant-HELOC, Loan Consultant-Pre Approval, Loan Consultant-Prime, Loan Consultant-Zip Realty, Loan Consultant-Alternative Lending, and Loan Consultant-Affinity (herein the "Loan Consultants");

WHEREAS, Plaintiffs and putative collective/class action plaintiffs all hold and/or held the position of loan consultant at E-Loan;

WHEREAS, Plaintiffs have requested and the Company has agreed to produce, subject to the terms of this Stipulation and Order, (a) the full name; (b) the full current or last known home address; and (c) the full current or last known home telephone number of any current or former employee of the Company who has worked as a "Loan Consultant" as defined above from December 23, 2001 and the present (hereinafter, such information as referred to in this paragraph shall be called "Contact Information");

WHEREAS, the Company denies all of Plaintiffs allegations including, without limitation, the allegation that the Company has misclassified as exempt Plaintiffs or other employees or engaged in any other unlawful employment practices and further denies that certification of any potential class or collective action is appropriate;

WHEREAS, the Parties have agreed that it is in their mutual interests to attempt to resolve through confidential mediation, scheduled for October 16, 2006, the claims in the above-referenced litigation, including but not limited to the Claims;

WHEREAS, the Parties have also agreed to engage in certain discovery prior to conducting mediation so that they will be well informed about the facts of the case at the mediation;

WHEREAS, the Parties have agreed that Plaintiffs will not move for conditional

certification of the Prospective FLSA Collective Action for the purpose of issuance of Court-facilitated notice ("Notice Motion") or move for class certification under F.R.C.P. 23 ("Rule 23 Motion") until after the scheduled mediation;

THEREFORE, the Parties stipulate and agree as follows:

### STIPULATION AND AGREEMENT

1. Plaintiffs will not file a Notice Motion or Rule 23 Motion until after the scheduled mediation of October 16, 2006.

2. This Stipulation and Order is without prejudice to Plaintiffs moving the Court, pursuant to the doctrine of equitable tolling, to toll the FLSA statute of limitations. The Company reserves the right to oppose any such motion. This Stipulation and Order is also without prejudice to the Parties reaching agreement about tolling of the FLSA statute of limitations.

3. This Stipulation and Order will not have the effect of reviving any claims that were time-barred prior to the entry of this Stipulation and Order.

4. Upon signing by both parties, this Stipulation and Order shall be effective and Company will provide the Contact Information to Plaintiffs' counsel. However, Plaintiffs' counsel agrees not to use the Contact Information, or other documents that contain the names or Contact Information provided pursuant to this Stipulation and Order, to contact potential collective/class action members, until the Stipulation and Order has been signed by the Court.

5. Plaintiffs' counsel shall not use the Contact Information to issue notice to potential collective/class action members concerning "opt-in" joinder rights, unless the Court grants Plaintiffs' Notice Motion and then only to the extent that the Court approves the use of the Contact Information and any written notice (such as a *Hoffmann-La Roche* notice) for such purpose.

6. Plaintiffs' counsel may, however, use the Contact Information to contact potential collective/class action members, by mail or otherwise, for discovery and investigation purposes, subject to applicable limitations imposed by law, court order, and/or ethical rules. Plaintiffs' counsel specifically agrees that neither they nor anyone working for them will contact

a current Company employee during the course of that employee's work day or at the Company's facilities or at the current employee's workplace. Plaintiff's counsel may advise potential collective/class action members regarding their legal rights, including but not limited to advising them as to their "opt-in" joinder rights, subject to applicable limitations imposed by law, court order, and/or ethical rules. However, if Plaintiffs' counsel does provide such advise to any potential collective action member, Plaintiffs counsel shall also inform such individual that the Company fully denies all of Plaintiffs' allegations in the case.

7. In providing the Contact Information, the Company does not waive its right to oppose any Notice Motion or Rule 23 Motion filed by Plaintiffs or anyone else, nor does the Company concede that any individuals may proceed as a class or collective action.

8. Plaintiffs' counsel shall use the Contact Information solely for purposes of prosecuting this case and in accordance with this Stipulation and Order; shall not disclose the Contact Information to anyone other than employees of Plaintiffs' counsel and professional vendors to whom it is reasonably necessary to disclose the Contact Information for purposes of prosecuting this case and in accordance with this Stipulation and Order (however, such professional vendors shall sign an acknowledgment that they have read this Stipulation and Order and shall abide by its terms); shall notify the Company (in writing) immediately or in no event later than three days after receipt of a subpoena or order issued in other litigation that would compel disclosure of the Contact Information; and shall obtain all copies or reproductions of the Contract Information from all of Plaintiffs' professional vendors at the conclusion of this litigation; and shall destroy the Contact Information (including all copies or reproductions) within 60 days after the final termination of this action.

9. Except as expressly set forth herein, nothing contained in this Stipulation shall constitute a waiver of Plaintiffs' or the Company's legal positions, rights or remedies, including any defense under any statute of limitations or any other defense relating to the passage of time.

STIPULATED PROTECTIVE ORDER RE PUTATIVE CLASS/COLLECTIVE ACTION MEMBER
IDENTIFICATION
CASE NO.: C-06-01993 SI

10. This Stipulation and Order shall not be admissible for any purpose whatsoever, other than for the purpose of enforcing the terms hereof, in any proceeding between the Company and any Plaintiff(s) and/or other individuals.

11. This Stipulation and Order is not intended as, and shall not be construed to be, an admission by any Party that any other Party has or does not have a valid claim or defense.

IT IS SO STIPULATED.

DATED: 9/7/06

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

By: _____
Laura L. Ho
Attorneys for Plaintiffs Behzad Mousai, Darcy Wills, Anthony Jones, Michelle Lum, and Bob Asmega

DATED:

FOLEY & LARDNER LLP

By: _____
Nina Kani
Attorneys for Defendant E-LOAN, INC.

IT IS SO ORDERED.

DATED:

By: _____
Hon. Susan Illston
U.S. District Court – Northern District of California

STIPULATED PROTECTIVE ORDER RE PUTATIVE CLASS/COLLECTIVE ACTION MEMBER IDENTIFICATION
CASE NO.: C 06-01993 SI