ROBERTA L. STEELE, CA Bar No. 188198
LAURA L. HO, CA Bar No. 173179
JESSICA BECKETT-MCWALTER, CA Bar No. 233238
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (fax)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHZAD MOUSAI, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>E-LOAN, INC., and DOES 1-10, inclusive,<br><br>    Defendants. | **CLASS/COLLECTIVE ACTION**<br><br> Case No. C 06-01993 SI<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, INCLUDING PAYMENT OF CLASS COUNSEL'S ATTORNEYS' FEES, EXPENSES AND COSTS, SERVICE AWARD, AND TOLLING AWARDS (FRCP 23(e) and (h))**<br><br>Date:  May 30, 2007<br>Time:  4:00 p.m.<br>Dept:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES............................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.      INTRODUCTION .................................................................................................. 1

II.     THE NOTICE PROCEDURES REQUIRED BY THE PRELIMINARY APPROVAL
        ORDER HAVE BEEN COMPLETED, THE RESULTS OF WHICH INDICATE
        THAT THE CLASS MEMBERS OVERWHELMINGLY SUPPORT THE CLASS
        SETTLEMENT. ....................................................................................................... 2

III     THE SETTLEMENT, WHICH WAS PRELIMINARILY APPROVED BY THE
        COURT AND OVERWHELMINGLY APPROVED BY THE CLASS, IS FAIR,
        ADEQUATE, AND REASONABLE AND SHOULD BE FINALLY APPROVED. ................. 5

        A.      The Court should Finally Certify the Settlement Class. ..................................... 5

        B.      Following Well-Established Legal Principles, The Court Should Grant Final
                Approval of the Settlement. ........................................................................ 6

                1.      Standard of Review by the Court. ................................................... 6

                2.      The Settlement is Presumed to be Fair. .......................................... 7

                3.      The Value of the Settlement Favors Final Approval. ........................... 8

                4.      The Substantial Class Recovery Balanced Against the Risks Inherent in
                        Continued Litigation Against Defendants Favor Final Approval. ............... 9

                5.      The Complexity, Expense, and Likely Duration of Continued Litigation
                        Against the Defendants Favor Final Approval. ..................................... 9

                6.      The Experience and Views of Counsel Favor Final Approval. ................ 10

        C.      The Court Should Award the Requested Payments to the Named Plaintiff and to
                the Class Members Who Filed Timely Consent to Join Forms Prior to
                Settlement. ............................................................................................ 10

        D.      The Court Should Finally Approve the Settlement. ........................................ 12

IV.     THE PAYMENT OF REASONABLE ATTORNEYS' FEES AND COSTS TO CLASS
        COUNSEL OUT OF THE COMMON SETTLEMENT FUND SHOULD BE
        APPROVED BY THIS COURT. ............................................................................ 12

        A.      The Proposed Attorneys' Fees Award is Reasonable and Should Be Finally
                Approved. .............................................................................................. 12

V.      CONCLUSION ................................................................................................... 14

1

# TABLE OF AUTHORITIES

2

**Page(s)**

**Cases**

3

### FEDERAL CASES

4
*Amchem Products, Inc. v. Windsor*
521 U.S. 591 (1997) ................................................................ 6

5

6
*Bryan v. Pittsburgh Plate Glass Co.*
59 F.R.D. 616 (W.D. Pa. 1973) ................................................ 11

7
*Class Plaintiffs v. City of Seattle*
955 F.2d 1268 (9th Cir. 1992) .............................................. 7, 8

8

9
*Ellis v. Naval Air Rework Facility*
87 F.R.D. 15 (N.D. Cal. 1980) ................................................. 7

10
*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) ............................ 6, 7, 8, 9, 10

11

12
*Hoffmann-La Roche Inc. v. Sperling*
493 U.S. 165 (1989) ................................................................ 6

13
*Huguley v. General Motors Corp.*
128 F.R.D. 81 (E.D. Mich. 1989) ............................................ 11

14

15
*Ingram v. The Coca-Cola Co.*
200 F.R.D. 685 (N.D. Ga. 2001) ............................................ 11

16
*In Re Heritage Bond Litigation*
2005 WL 159440 (C.D. Cal. June 10, 2005) ......................... 13

17

18
*In Re S. Ohio Correctional Facility*
175 F.R.D. 270 (S.D. Ohio 1997) ........................................... 11

19
*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*
688 F.2d 615 (9th Cir. 1982) .............................................. 7, 10

20

21
*Roberts v. Texaco*
979 F. Supp. 185 (S.D.N.Y. 1997) .......................................... 11

22
*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ................................................. 10

23

24
*Van Bronkhorst v. Safeco Corp.*
529 F.2d 943 (9th Cir. 1976) ................................................. 10

25
*Vizcaino v. Microsoft Corp.*
290 F.3d 1043 (9th Cir. 2002) ........................................ 12, 13

26

27

28

**TABLE OF AUTHORITIES**: (continued)                                          Page(s)

### STATE CASES

*Dunk v. Ford Motor Co.*
48 Cal. App. 4th 1794 (1996).................................................................................7

*Kelly v. City and County of San Francisco*
2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) ......................................................5

*Martens v. Smith Barney*
1998 WL 1661385 (S.D. N.Y. July 28, 1998)......................................................11

### DOCKETED CASES

*Butler v. Home Depot, Inc* ...................................................................................11
No. C 94-4335 SI (N.D. Cal. Jan. 14, 1998)

### FEDERAL STATUTES

29 U.S.C.
    § 216(b)  ........................................................................................................5, 6

Federal Rules of Civil Procedure
    23(a)................................................................................................................5, 6
    23(b)(3).........................................................................................................5, 6
    23(e)..........................................................................................................1, 6, 14
    23(h).......................................................................................................1, 12, 14

### STATE STATUTES

California Business & Professions Code
    § 17200 ...............................................................................................................1

### MISCELLANEOUS

Manual for Complex Litigation
    § 21.61 ................................................................................................................7
    § 21.62 ................................................................................................................9

4 Newberg on Class Actions
    § 11.41 ...........................................................................................................7, 10

NOTICE IS HEREBY GIVEN that on May 30, 2007 at 4:00 p.m., in Courtroom 10 at the above-entitled court, located on the 19th floor at 450 Golden Gate Ave, San Francisco, California, Class Counsel will move the Court for entry of the proposed Order, pursuant to Federal Rules of Civil Procedure 23(e) and 23(h), which is filed concurrently herewith:

1. Certifying the class for purposes of settlement;

2. Appointing Plaintiff Behzad Mousai as Class Representative for purposes of settlement;

3. Appointing the law firm of Goldstein, Demchak, Baller, Borgen & Dardarian as Class Counsel for purposes of settlement;

4. Finally approving the settlement as fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, including the Defendant E-Loan, Inc.'s payment of up to $13.6 million to settle the monetary relief claims of the Class, plus the employer's share of payroll taxes on any settlement amounts paid for back wages;

5. Finally approving the Service Award of $20,000 to Plaintiff Behzad Mousai in recognition of his service to the class in creating the settlement;

6. Finally approving payment of the Tolling Awards of $1,000 to each of the forty-two (42) class members whose Consent to Join Form was on file in the Action prior to November 10, 2006 (for a total of $42,000) in recognition of the fact that these individuals affirmatively tolled his or her statute of limitations on his or her federal Fair Labor Standards Act ("FLSA") claim prior to this settlement being reached;

7. Approving Class Counsel's request for 25% of the Maximum Settlement Amount as attorneys' fees ($3,400,000), plus reimbursement of actual costs expended to date and yet to be incurred in the amount of $25,000.00; and

8. Finally approving the requested claims administration costs totaling $43,388.75.

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in Support of Final Approval; the Declaration of Laura L. Ho In Support of Motion for Final Approval of Class/Collective Action Settlement; the Declaration of John Keane; the proposed

///
///

1    order, the other records, pleadings, and paper filed in this action; and upon such other documentary and

2    oral evidence or arguments as may be presented to the Court at the hearing of this motion.

3

4    Dated:  May 14, 2007                    Respectfully submitted,

5                                            GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                             DARDARIAN

6                                            _____/s/_____

7                                            LAURA L. HO, CA Bar No. 173179
                                             ROBERTA L. STEELE, CA Bar No. 188198
                                             JESSICA BECKETT-MCWALTER, CA Bar No. 233238
8                                            GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                             DARDARIAN
9                                            300 Lakeside Drive, Suite 1000
                                             Oakland, CA  94612
10                                           (510) 763-9800; (510) 835-1417 (fax)

11                                           ATTORNEYS FOR PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff seeks the Court's final approval of the Stipulation and Settlement of Class Action Claim ("Settlement Agreement"), attached as Exhibit 1 to the Final Approval Order filed herewith, entered into between Plaintiff and Defendants E-Loan, Inc. ("E-Loan" or "Defendant"), including the payment of reasonable attorneys' fees and costs to Class Counsel, pursuant to Federal Rules of Civil Procedure 23(e) and (h).  The Settlement Agreement requires Defendant to pay a maximum of $13.6 million to settle the claims brought by approximately 500 Loan Consultants against E-Loan for misclassifying mortgage loan consultants employed by E-Loan in California as exempt from the California and federal overtime laws and failing to pay them required overtime payments, failing to provide legally required meal periods, failing to provide accurate final paychecks, and failing to provide accurate and timely wage statements showing accurate hours worked.  Plaintiff also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.*

On January 16, 2007, the Court provisionally certified a settlement class and preliminarily approved Goldstein, Demchak, Baller, Borgen and Dardarian as Class Counsel and Plaintiff Mousai as Class Representative; preliminarily approved the Settlement Agreement, including the Service Award to the named Plaintiff and Tolling Awards to forty-two (42) class members who submitted Consent to Join forms prior to settlement; and directed that the Court-approved notice, describing the terms of the settlement and the rights to opt out and/or object to the settlement, make a claim, and attend the final approval hearing; and providing notice to the class of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees and Reimbursement for Costs and explaining how to object to this motion, be mailed to the class.  *See* Order Regarding Preliminary Approval of Class/Collective Action Settlement ("Preliminary Approval Order"), entered January 16, 2007.  The Court also preliminarily approved the payment of the claims administration costs.  On February 12, 2007, the Court-approved class notice was mailed to the 494 potential settlement class members.  *See* Declaration of John Keane Re:  Notice and Claims Procedures ("Keane Decl.") ¶ 8 (filed herewith).  Not a single objection has been filed, nor has any class member opted to exclude herself from the settlement class.  *See* Ho Decl. ¶ 5.

The applicable standards and evidence supporting final approval of the Stipulation of Settlement were set out thoroughly in the Motion for Preliminary Approval of Proposed Settlement, and the Declaration of Laura L. Ho ("Preliminary Approval Motion"), which were filed on December 15, 2006. The applicable standard and evidence supporting approval of the award of reasonable attorneys' fees and costs were set out thoroughly in Plaintiff's Motion for Reasonable Attorneys' Fees and Costs and the Declaration of Roberta L. Steele, which were filed on March 23, 2007 ("Attorneys' Fees Motion"). Plaintiff will not repeat the Preliminary Approval Motion and Attorneys' Fees Motion papers, but hereby incorporate the evidence, authorities, and arguments set forth in the Preliminary Approval Motion and Attorneys' Fees Motion by reference. In summary, the Settlement Agreement is fair, reasonable, and adequate, and the Court should grant final approval based on its terms, the Preliminary Approval Order, and the overwhelmingly positive response by the class members to the settlement.

## II. THE NOTICE PROCEDURES REQUIRED BY THE PRELIMINARY APPROVAL ORDER HAVE BEEN COMPLETED, THE RESULTS OF WHICH INDICATE THAT THE CLASS MEMBERS OVERWHELMINGLY SUPPORT THE CLASS SETTLEMENT.

On January 16, 2007, the Court preliminarily approved the Settlement Agreement, including the requested award of attorneys' fees, costs and expenses, and the requested Service Award of $20,000 and Tolling Awards totaling $42,000; and ordered mailing of the Court-approved Notice. *See* Preliminary Approval Order at 3. In its Preliminary Approval Order, the Court found that the proposed Notice – which advised Class members of the terms of the proposed settlement, the process available to Class members to obtain monetary relief and to object to the settlement, and their right to appear at the final approval hearing, and provided notice of Plaintiff's Attorneys' Fees Motion, and advised them of their right to object to Plaintiff's motion – met the requirements of due process and provided the best notice practicable under the circumstances. *See id.* at 2. The Court further adopted the notice procedures specified in the Settlement Agreement, which were outlined in the Preliminary Approval Motion, and ordered that they be implemented. *See id.*

///

///

The procedures for disseminating notice to Class Members established by the Court's Preliminary Approval Order have been fully and properly executed.  *See* Ho Decl. ¶¶ 9-14; Keane Decl.) ¶¶ 2-17, Exs. A-B.

On or before January 29, 2007, E-Loan provided the Claims Administrator, Rosenthal & Company, LLC, with names, most current addresses, telephone numbers, social security numbers, and the relevant dates of employment, excluding leaves of absences, for each Class Member.  *See* Keane Decl. ¶ 3.  The Claims Administrator used this data to calculate each Class Member's estimated settlement share.  *Id.*  Each Class Member's Claim Form/Consent to Join Form provided an estimate of the Class Member's share of the settlement, based on their dates of employment as a Loan Consultant.  *See id.*, Ex. B (Claim Form/Consent to Join Form).  Class Members could challenge and seek correction of the data regarding the number of weeks they worked as a Loan Consultant during the Settlement Class Period, with all challenges to be determined by the Claims Administrator, based upon E-Loan's records and any information Class Members provided.  Ho Decl. ¶ 9.  The Claims Administrator also used a national database to update each Class Member's mailing address before mailing the Notice and Claim Form.  Keane Decl. ¶ 4.

In compliance with the Preliminary Approval Order, on or before February 12, 2007, the Claims Administrator sent the Court-approved Notice and Settlement Award Claim Form ("Notice Packet") by first class mail to 494 Loan Consultants that E-Loan identified from its employment records as having been employed by E-Loan in California between December 23, 2001 through June 30, 2006.  Keane Decl. ¶ 8.  Of the original 500 Notice Packets mailed to the Class Members, two (2) were returned to the Claims Administrator as undeliverable between February 12, 2007 and April 13, 2007 with forwarding addresses, which the Administrator re-mailed within three (3) calendar days.  Keane Decl. ¶ 9.  Thirty-two (32) were returned to the Claims Administrator with no forwarding address.  *Id.*, at ¶ 10.  The Claims Administrator conducted a search and located new addresses for twenty-one (21) of the thirty-two (32) individuals and re-mailed their Notice Packets to them.  *Id.*  Eleven (11) class member addresses were not searched because they had previously contacted the Class Administrator to advise them of their new address.  *Id.*  Of the twenty-one (21) individuals with newly found addresses, three (3) were returned once more without a forwarding address.  Altogether, there are at least three (3)

1   Class Members for whom the Claims Administrator did not locate a correct address.  *Id.* at ¶ 12.  In

2   compliance with the Preliminary Approval Order, on or before March 23, 2007, the Claims

3   Administrator sent a reminder mailing with duplicate Claim Form/Consent to Join Form included to

4   149 class members who had not yet submitted a Claim Form/Consent to Join Form.  Keane Decl. at

5   ¶ 13, Ex. C.  In compliance with the Preliminary Approval Order, on March 23, 2007, Plaintiff filed his

6   Attorneys' Fee Motion.  Ho Decl. at ¶ 20.

7       Since February 12, 2007, the Claims Administrator has provided a telephone response service

8   at no charge to Class members to assist them in answering questions about the Notice and Claim Form/

9   Consent to Join Form and the terms of the settlement.  Keane Decl. at ¶ 6.  The Claims Administrator

10  has staffed the telephone response service with personnel trained about the terms of the Settlement

11  Agreement and responded to 234 telephone calls from Class Members.  *Id*. at ¶ 14.  Class Counsel has

12  also responded to approximately 200 telephone calls and email inquiries from Class Members.  Ho

13  Decl. ¶ 12.

14      The postmark deadline for Class members to opt out or object to the settlement was April 13,

15  2007.  *See* Keane Decl., Ex. A (Notice of Settlement of Class Action) at section III, p. 4.  <u>Not a single</u>

16  <u>class member</u> submitted a Request for Exclusion.  Keane Decl. at ¶ 15.  <u>Not a single class member</u>

17  submitted a written objection to the Settlement Agreement.  Ho Decl. ¶ 10; Keane Decl. ¶ 16.  <u>Not a</u>

18  <u>single class member</u> submitted a written objection to Plaintiff's Attorneys' Fees Motion.  Ho Decl. ¶

19  10.

20      Class Members were required to mail their Claim Forms/Consent to Join Forms to the Claims

21  Administrator by April 13, 2007, in order to be eligible to receive a Settlement Award.  Ninety-two

22  percent (92%) of Class Members filled out Claims Forms/Consent to Join Forms and sent them to the

23  Claims Administrator.  Keane Decl. ¶ 18.  Of the 480 claims filed, 437 were timely filed claims,

24  thirteen (13) of the claims were filed with disputed employment dates and three (3) were late-filed

25  claims, but the parties agree that these claims will be accepted.  *Id.* at ¶ 18.  One (1) claim was filed by

26  an individual who was not on the original class member list and the claim was denied as the individual

27  did not work in a class position.  *Id*.  All of the thirteen (13) disputed claims have been resolved by the

28  parties and the Claims Administrator.  *Id*.  The Claims Administrator has approved 453 claims for

4

PLS' NOTICE OF MOTION AND MPA IN SUPPORT OF FINAL APPROVAL OF CLASS/COLLECTIVE, INCLUDING
ATTORNEYS' FEES, SERVICE AWARD, AND TOLLING AWARDS - CASE NO. C 06-01993 SI

payment.  *Id.*  Currently, 92% of the Class Members will receive Settlement Awards, resulting in a payout of 98% ($9,877,310.59) of the Net Settlement Amount (the Maximum Settlement Amount, less attorneys fees and costs, claims administrative costs, and Plaintiff enhancement).  Keane Decl. ¶ 19.  In addition, these same 453 Class Members have consented to join the FLSA collective action.  *Id.*

Settlement Class Members will receive an average of $295.00 for each week worked during the Class Period, for an average total recovery of $21,765.00 per class member.  *Id.*  Individual settlement amounts range from approximately $40.00 for one day of work, to approximately $43,388.75 for almost four-and-one-half years of work.  *Id.*  Over forty-two (42) Settlement Class Members will receive an award greater than $50,000.  *Id.*  After all payments from the Maximum Settlement Amount are made, there will be an estimated residual of $210,023.63, which E-Loan will apply toward the employer's share of payroll taxes.  *Id.*

### III.  THE SETTLEMENT, WHICH WAS PRELIMINARILY APPROVED BY THE COURT AND OVERWHELMINGLY APPROVED BY THE CLASS, IS FAIR, ADEQUATE, AND REASONABLE AND SHOULD BE FINALLY APPROVED.

### A.  The Court should Finally Certify the Settlement Class.

On January 16, 2007, the Court conditionally certified the proposed settlement class consisting of all Loan Consultants[1] who were employed by E-Loan in California at any time from December 23, 2001 to June 30, 2006 Certification of the settlement class identified in the proposed Order is appropriate under FLSA, 29 U.S.C. section 216(b), and the Federal Rules of Civil Procedure 23(a) and 23(b)(3) as discussed more fully in the Motion for Preliminary Approval.  Such a "hybrid" class action is appropriate.  *See e.g. Kelly v. City and County of San Francisco*, No. C05-1287, 2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) (certifying Rule 23 class after previously issuing 216(b) notice).

---

[1] The class consists of loan consultants employed in the following job titles: Loan Consultant-First Mortgage, Loan Consultant-First Mortgage Core, Loan Consultant-First Mortgage Affinity, Loan Consultant-First Mortgage Relocation, Loan Consultant-First Mortgage Pre-Approval, Loan Consultant-First Mortgage Alternative Lending, Loan Consultant-Home Equity Line of Credit ("HELOC"), Loan Consultant-Pre Approval, Loan Consultant-Prime, Loan Consultant-Zip Realty, Loan Consultant-Alternative Lending, and Loan Consultant-Affinity.

1   Final certification of the proposed FLSA collective action settlement is appropriate under 29

2   U.S.C. section 216(b), pursuant to *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) and

3   as discussed more fully in the Preliminary Approval Motion at 11-12.  Here, the putative class

4   members worked in the same location, shared the same job function and duties (i.e., selling mortgage

5   products over the phone), and were paid under similar compensation systems.  The class members are

6   similarly situated, so the court should finally certify the FLSA collective action for settlement.

7   Final certification of the proposed settlement class is appropriate under the Federal Rules of

8   Civil Procedure pursuant to *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (applying

9   *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)) as is discussed more fully in the Motion for

10   Preliminary Approval at pp. 12-14.  All of the requirements of Federal Rule of Civil Procedure 23(a)

11   have been met:  (1) the class is numerous; (2) there are common questions of law and fact regarding

12   the meal period claims of class members under California law; (3) the claims of the class

13   representatives are typical; and (4) there are no conflicts between the Plaintiffs and the class and the

14   class is represented by experienced class action employment counsel.  The requirements of Federal

15   Rule of Civil Procedure 23(b)(3) have also been met.  Common questions of law and fact predominate

16   over individual questions and class treatment is superior to individual litigation.  *See Hanlon*, 150 F. 3d

17   at 1020-23; *see also* Ho Preliminary Approval Decl. at 10-12.

18   Certification of the proposed settlement class is therefore appropriate under FLSA, 29 U.S.C.

19   section 216(b) as well as under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

20   **B.      Following Well-Established Legal Principles, the Court Should Grant Final Approval of the Settlement.**

21

22   **1.      Standard of Review by the Court**

23   A class action may be dismissed, compromised, or settled with approval of the Court.  *See* Fed.

24   R. Civ. P. 23(e).  The decision to approve or reject a proposed settlement is committed to the sound

25   discretion of the Court.  *See Hanlon*, 150 F.3d at 1026.  A decision approving a class action settlement

26   may be reversed only upon a strong showing of clear abuse of discretion.  *See id.* at 1027.  The Court's

27   final evaluation of the proposed Settlement Agreement is to determine whether it is fair, reasonable, and

28

adequate.  *See id.* at 1026; *accord Manual for Complex Litigation* § 21.61 at 308 (4th ed. 2004) (hereinafter "*Manual*") ("[T]he judge must determine that the settlement terms are fair, adequate, and reasonable").  A settlement is fair, adequate and reasonable, and therefore merits final approval, when "the interests of the class are better served by the settlement than by further litigation."  *Manual* § 21.61 at 309.  The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Newberg on Class Actions* § 11.41 (4th ed. 2002) (and cases cited therein) (hereinafter 4 *Newberg*).

   The Court possesses broad discretion in determining that a proposed class action settlement is fair.  *See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  However, the Court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Id.*  Moreover, the Court does not have the ability to modify the settlement agreement, which must stand or fall in its entirety.  *See Hanlon*, 150 F.3d at 1026, *citing Officers for Justice*, 688 F.2d at 630; *Manual* § 21.61 at 309 ("The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it.  The judge cannot rewrite the agreement.").

   **2.    The Settlement is Presumed to be Fair.**

   The Court should begin its analysis with the presumption that the settlement is fair and should be approved.  There is a presumption of fairness where "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small."  *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1802 (1996); *accord*, *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), 4 *Newberg* § 11.41.  This standard is met here.  The Settlement Agreement followed nearly a year of investigation and formal discovery between the parties, during which the parties thoroughly explored the relevant facts and tested each other's

1    position.  *See* Ho Decl. ¶ 6.  The settlement reached between the parties was the product of arms'-

2    length negotiations between attorneys experienced in wage and hour class actions, who carefully

3    analyzed voluminous documents and factual information, and was supervised by an experienced and

4    well regarded mediator, Mark Rudy.  *See id.*

5          Finally, the response of the class to the notice supports approval of the settlement.  N̲o class

6    members filed any objections to the settlements.  *Id.* at ¶ 10.  N̲ot o̲ne class member opted out of the

7    Settlement.  *Id*.  The Court may appropriately infer that a class action settlement is fair, adequate, and

8    reasonable when, among other reasons, few class members object to it.  *See City of Seattle*, 955 F.2d at

9    1291.  The Court thus should construe the lack of any expressed opposition to the settlement by the

10   class as a strong indication that class members themselves view the settlement as fair, adequate, and

11   reasonable.  A presumption of fairness thus exists here.

12          **3.        The Value of the Settlement Favors Final Approval.**

13         One of the factors the Court should assess to determine whether the settlement is fair, reasonable

14   and adequate is the amount offered in settlement.  *See Hanlon*, 150 F.3d at 1026.  This factor weighs in

15   favor of final approval here.

16         The settlement fund is significant when weighed against the challenges Plaintiff had on class

17   certification, liability, and damages.  The class consisted of 494 individuals over a four-and-half-year

18   liability period.  *See* Ho Decl. ¶ 3.  Over $10 million of the Maximum Settlement Amount was available

19   for distribution to the 494 class members, based upon the number of weeks each worked in the

20   settlement class period of December 23, 2001 through June 30, 2006.  *Id*.  Settlement Class Members

21   will receive on average over $295.00 for each week worked during the Class Period, for an average

22   total recovery of over $21,765.00 per Class Member.  Individual settlement amounts range from

23   approximately $40.00, for one (1) day of work, to approximately $69,050, for almost four-and-a-half

24   years of work.  Keane Decl. ¶ 18.  At least forty-two (42) Settlement Class Members will receive an

25   award greater than $50,000.  *Id*.  These are significant recovery figures for members of the class.

26         Moreover, no Class Member has objected to the amount of the recovery, which was disclosed

27   to the class members in the class notice and preliminarily approved by this Court.  *See* Ho Decl. ¶ 10,

28

Ex. B (Preliminary Approval Order).  For all of these reasons, the Court should find that the value of the settlement weighs in favor of final approval.

### 4.    The Substantial Class Recovery Balanced Against the Risks Inherent in Continued Litigation Against Defendants Favor Final Approval.

The Court must balance the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation to assess the fairness, adequacy, and reasonableness of a class action settlement.  *See Hanlon*, 150 F.3d at 1026 (among the factors the court should balance are the risk of further litigation, including that of maintaining class action status through trial, and the amount offered in settlement); *Manual* § 21.62 at 316 (this analysis involves consideration of "the advantages of the proposed settlement versus the probable outcome of a trial, … [and] the probability that the class claims, issues, or defenses could be maintained through trial on a class basis …").

This factor supports final approval because the Settlement Agreement affords the class members prompt, significant relief, while avoiding legal and factual hurdles that otherwise may have prevented the class from obtaining any recovery at all.  These risks include prevailing on class certification in a case that includes hybrid state and FLSA claims, and the risks under the federal substantive law given the recent September 2006 United States Department of Labor opinion letter finding mortgage officers exempt administrative employees under federal law.  *See* Plaintiff's Attorneys' Fees Motion p. 12.  Because the Stipulation of Settlement provides immediate and significant relief, without the attendant risks and delay of continued litigation, it warrants this Court's approval.

### 5.    The Complexity, Expense, and Likely Duration of Continued Litigation Against the Defendants Favor Final Approval.

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation.  *See Hanlon*, 150 F.3d at 1026; *Manual* § 21.62 at 316.  The policy that favors settlements of class actions and other complex cases applies with particular force in this case.  Misclassification wage and hour class action cases are expensive and time consuming to prosecute, especially when compared with the possible recovery for class members.  Thus economies of time, effort, and expense will be achieved by this settlement.  The alternative to a class action – individual litigation for 494 Loan Consultants – would needlessly tax private and judicial resources over a period

of years.  The Settlement Agreement, on the other hand, provides to all claimants, regardless of their

means, relief of over $20,000 on average in a prompt and efficient manner.  Were the Court to deny

final settlement approval, the class members would be left without a remedy as a practical matter and

courts across the state would have to address the issues presented here in a piecemeal, costly, and time-

consuming manner.  The Settlement Agreement in this case is therefore consistent with the "overriding

public interest in settling and quieting litigation" that is "particularly true in class action suits."  *Van

Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976); *see also* 4 *Newberg* § 11.41 (citing cases).

### 6.   The Experience and Views of Counsel Favor Final Approval.

Finally, the Court should consider the experience and views of Class Counsel and of

Defendant's Counsel in assessing the proposed Settlement.  *See Hanlon*, 150 F.3d at 1026.  Qualified

and well-informed counsel's endorsement of a settlement as fair, reasonable, and adequate is entitled to

be given weight.  *See Officers for Justice*, 688 F.2d at 625.  The case was vigorously prosecuted and

defended.  The law firm of Goldstein, Demchak, Baller, Borgen & Dardarian seeks to be appointed

Class Counsel.  E-Loan is represented by Foley and Lardner, LLP.  Both of these firm have extensive

experience in similar wage and hour actions.  *See* Ho Decl. at ¶¶ 1, 21.

Class Counsel support the settlement as fair, reasonable, and adequate, and in the best interest

of the class as a whole.  Given the factual and legal complexities inherent in this case, and the hybrid

class certification sought in this case, Class Counsel believes that the settlement is fair, adequate, and

reasonable and should be approved by this Court.  *See* Ho Decl. at ¶¶ 6-8.  Moreover, as discussed at

the preliminary approval hearing, Defendant's Counsel similarly supports this settlement as fair,

reasonable, and adequate.

### C.   The Court Should Award the Requested Payments to the Named Plaintiff and to the Class Members Who Filed Timely Consent to Join Forms Prior to Settlement.

The Court preliminarily approved the Service Award to Plaintiff and not one class member has

objected to the Service Award.  Ho Decl. at ¶¶ 3, 10.  The Court also preliminarily approved the

Tolling Awards to the forty-two (42) class members who filed Consent to Join Forms prior to

settlement and not one Class Member has objected to those awards.  Ho Decl. at ¶¶ 3, 10.  These

payments are well justified.  *See Staton v. Boeing Co*., 327 F.3d 938, 977 (9th Cir. 2003).  "Courts

routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (quoting *In Re S. Ohio Correctional Facility,* 175 F.R.D. 270, 272 (S.D. Ohio 1997)) (approving $303,000 payment to each class representative plaintiff in employment case where class members on average received $38,000); *Martens v. Smith Barney*, No. 96 Civ. 3779, 1998 WL 1661385, at *4 (S.D. N.Y. July 28, 1998) and 181 F.R.D. 243, 262 (S.D.N.Y. 1998) (approving payments of up to $150,000 for named plaintiffs, for a total of $1.9 million in incentive payments for employment case settling prior to class certification); *Roberts v. Texaco*, 979 F. Supp. 185 (S.D.N.Y. 1997) (approving incentive payments up to $85,000 for named plaintiffs in employment case settling prior to class certification).  Such awards to named Plaintiffs are justified on the basis that class representatives take on the onerous burdens, responsibilities and risks of litigation and perform services that are not required of class members, yet class members receive the benefit of those risks and services.  *See Huguley v. Gen. Motors Corp.,* 128 F.R.D. 81, 85 (E.D. Mich. 1989) ("[n]amed plaintiffs and witnesses are entitled to more consideration than class members generally because of the onerous burden of litigation that they have borne").

The Tolling Awards may be analogized to payments made to class members in other cases, who have stepped forward and accepted the risks and burdens of litigation, of which absent class members receive the benefit.  *See Ingram*, 200 F.R.D. at 694 ($3,000 awards to Class member affiants); *Huguley*, 128 F.R.D. at 85 (court finds it "entirely fair" that "[n]amed plaintiffs and witnesses are entitled to more consideration than class members generally because of the onerous burden of litigation that they have borne"); *Bryan v. Pittsburgh Plate Glass Co.,* 59 F.R.D. 616, 617 (W.D. Pa. 1973) (approving "special awards" to Class members "who were most active in the prosecution of this case"); *see also Butler v. Home Depot, Inc.*, No. C 94-4335 SI (N.D. Cal. January 14, 1998) ($4,000 to each of 80 class members who provided a declaration on behalf of the class.).[2]

///

---

[2] For a copy of this case, please see Appendix of Unpublished Cases filed with Plaintiff's Preliminary Approval Motion.

1

**D.     The Court Should Finally Approve the Settlement.**

2

For the foregoing reasons, Plaintiffs request that the Court (1) finally certify the settlement

3

class; (2) find that the notice of settlement to the class members was adequate; (3) find that the terms

4

of the Settlement Agreement are fair and reasonable; and (4) grant final approval to the Settlement

5

Agreement, including the Service Award of $20,000 to Plaintiff Behzad Mousai in recognition of his

6

service to the class in creating the settlement; and payment of the Tolling Awards of $1,000 to each of

7

the forty-two (42) class members whose Consent to Join Form was on file in the Action prior to

8

November 10, 2006 (for a total of $42,000).

9

**IV.     THE PAYMENT OF REASONABLE ATTORNEYS' FEES AND COSTS
TO CLASS COUNSEL OUT OF THE COMMON SETTLEMENT FUND
SHOULD BE APPROVED BY THIS COURT.**

10

11

Plaintiffs also seek final approval, pursuant to Fed. R. Civ. P. 23(h), of their unopposed request

12

for reasonable attorneys' fees and costs of up to $3,425,000.00.  Plaintiffs earlier briefed their

13

entitlement to attorneys' fees and costs and the amount requested, which will not be repeated here.  *See*

14

Plaintiff's Attorneys' Fees Motion.  E-Loan agrees that Plaintiffs are the prevailing parties entitled to

15

recover their attorneys' fees and costs and do not object to the amount sought.  Significantly, not a

16

single class member has objected to the payment of the requested fees and costs to Class Counsel, of

17

which they were advised in the class notice.  *See* Ho Decl. ¶ 10; Keane Decl. ¶ 2, Ex. A.

18

**A.     The Proposed Attorneys' Fees Award is Reasonable and Should Be Finally Approved.**

19

As set forth in great detail in Plaintiff's Attorneys' Fees Motion, the requested fee award of 25

20

percent of the common fund is fair and reasonable and there are no exceptional circumstances here

21

warranting a departure from the Ninth Circuit's twenty-five percent (25%) benchmark.  *See Vizcaino v.*

22

*Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Class Counsel achieved an exceptional

23

result and generated a significant benefit for the class.  *See id.* at 1048-49 (noting that the achievement

24

of an exceptional result supported a 28 percent common fund fee award.)  Class Counsel's work

25

resulted in the creation of a common fund of approximately $10 million for the benefit of the 494 class

26

members.  Ho Decl. at ¶ 14.  Settlement amounts ranged from approximately $40.00 for one (1) day of

27

work, to approximately $69,050 for almost four-and-a-half years of work. Keane Decl. at ¶ 19.  The

28

1    average Settlement Award is over $21,000.  *Id.*  Additionally, over 92% of the class participated in the

2    settlement to claim ninety-eight percent (98%) of the class fund.  *Id.* at ¶ 18.

3         The requested reasonable fee award is further supported by the fact that this case was risky both

4    legally and financially for Class Counsel.  *See Vizcaino*, 290 F.3d at 1048-49.  Given the hybrid nature

5    of the class certification sought, there was risk that the class might not survive class certification of

6    both the federal and state law claims.  Moreover, there were risks under both the federal and state

7    substantive law. *See* Plaintiff's Attorneys' Fees Motion, at 12.  The financial risks undertaken by Class

8    Counsel in this litigation also justify the requested fee award.

9         The fairness of the fee award is further supported by the high quality of work performed by

10   Class Counsel and the lack of objection by Defendant and class members to the reasonable fee award

11   sought.  Class Counsel diligently, efficiently, and creatively pursued this case to a successful

12   settlement for the benefit of the entire class.  Steele Attorneys' Fees Decl. at ¶¶ 13-16.  Class Counsel

13   avoided protracted litigation by conducting significant investigation of the class claims before and after

14   filing the complaint, and efficiently conducting discovery such that the parties could successfully

15   mediate the case prior to a motion for class certification.  *Id.* at ¶¶ 14, 16.

16        Finally, not one class member has objected to Class Counsel's request for a common fund fee

17   award of $3.4 million.  Ho Decl. at ¶ 20.  The requested amount of attorneys' fees was stated explicitly

18   in the Notice of Settlement of Class Action and class members were advised that they could object to

19   the request for fees.  Keane Decl. Ex. A.  Plaintiff's fee motion was also filed on March 23, 2007, three

20   weeks before the objection deadline.  Ho Decl. at ¶ 20.  The absence of any objections supports the

21   appropriateness and reasonableness of the fee award.  *In Re Heritage Bond Litig.*, Case No. 02-ML-

22   1475 DT, 2005 WL 159440, at *21 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval

23   by class members to Class Counsel's fee request further supports finding the fee request reasonable.").[3]

24   ///

25   ///

26

27   _____

     [3] For a copy of this case, please see Appendix of Unpublished Cases filed with Plaintiff's Attorneys'
28   Fees Motion.

1    Class Counsel has incurred reasonable litigation costs in the amount of $21,530.76, which were

2    reasonable and necessary to prosecute this matter and would have been billed to a paying client.  Ho

3    Decl. ¶ 23, Ex. B.  Class Counsel expect to incur no more than $25,000 in costs by the completion of

4    this matter. *Id.*

5                                    **V.    CONCLUSION**

6         For all of the foregoing reasons, Plaintiff respectfully requests, pursuant to Fed. R. Civ. P. 23(e)

7    and (h), that the Court finally approve the Settlement Agreement in the form of the Proposed Order

8    filed herewith; certifying the settlement class; appointing Goldstein, Demchak, Baller, Borgen &

9    Dardarian as Class Counsel; appointing Behzad Mousai as Class Representative; and ordering that

10   defendants make the following payments from the Maximum Settlement Amount:  (1) a Service Award

11   of $20,000 to Plaintiff Behzad Mousai in recognition of his service to the class in creating the settlement;

12   (2) payment of the Tolling Awards of $1,000 to each of the forty-two (42) class members whose Consent

13   to Join Form was on file in the Action prior to November 10, 2006 (for a total of $42,000); (3) actual

14   settlement administration costs to Rosenthal & Company, LLC in the amount of $43,388.75;

15   (4) attorneys' fees and costs totaling $3,425,000.00 to Class Counsel; and (5) $9,859,587.62 to the

16   members of the class who filed claims, and (6) the residual of $210,023.63 be paid toward the

17   employer's share of payroll taxes.

18   Dated:  May 14, 2007                    Respectfully submitted,

19                                        _____/s/_____
                                          LAURA L. HO, CA Bar No. 173179
20                                        ROBERTA L. STEELE, CA Bar No. 188198
                                          JESSICA BECKETT-MCWALTER, CA Bar No. 233238
21                                        GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                             DARDARIAN
22                                        300 Lakeside Drive, Suite 1000
                                          Oakland, CA  94612
23                                        (510) 763-9800; (510) 835-1417 (fax)

     ATTORNEYS FOR PLAINTIFF

24

25

26

27

28