ROBERTA L. STEELE, CA Bar No. 188198
LAURA L. HO, CA Bar No. 173179
JESSICA BECKETT-MCWALTER, CA Bar No. 233238
GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHZAD MOUSAI, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>E-LOAN, INC., and DOES 1-10, inclusive,<br><br>        Defendants. | **CLASS/COLLECTIVE ACTION**<br><br>Case No. C 06-01993 SI<br><br>**[PROPOSED] ORDER REGARDING FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, INCLUDING PAYMENT OF CLASS COUNSEL'S ATTORNEYS' FEES, EXPENSES AND COSTS, SERVICE AWARD, AND TOLLING AWARDS**<br><br>Date:   May 14, 2007<br>Time:  4:00 p.m.<br>Dept:  Courtroom 10, 19th Floor<br>Judge: Honorable Susan Illston |

---

[PROPOSED] ORDER REGARDING FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, INCLUDING PAYMENT OF CLASS COUNSEL'S ATTORNEYS' FEES, EXPENSES AND COSTS, SERVICE AWARD, AND TOLLING AWARDS - CASE NO. C 06-01993 SI

Named Plaintiff Behzad Mousai ("Plaintiff" or "Class Representative") alleged in the above-captioned action, brought on behalf of himself and the class of Loan Consultants employed by E-Loan, Inc. between December 23, 2001 and June 30, 2006, that Defendant E-Loan, Inc. ("E-Loan" or "Defendant") misclassified mortgage loan consultants employed by E-Loan in California as exempt from the California and federal overtime laws and failed to pay them required overtime payments, failed to provide legally required meal periods, failed to provide accurate final paychecks, and failed to provide accurate and timely wage statements showing accurate hours worked. Plaintiff also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.*

On November 7, 2007, after two full-day mediation sessions, with the assistance of third-party neutral mediator Mark Rudy, Esquire, the parties reached agreement on the key terms of the settlement and subsequently reached the settlement that is memorialized in the Stipulation and Settlement of Class Action Claim ("Settlement Agreement"). In full settlement of all Class claims that were encompassed by the case, the Plaintiff Class and E-Loan have agreed to the entry of the proposed Settlement Agreement, including the exhibits thereto, and attached hereto as Exhibit 1.

This matter came before this court for a Fairness Hearing on May 30, 2007. The Plaintiff Class has submitted the Settlement Agreement, which this Court preliminarily approved in its January 16, 2007 Order of Preliminary Approval of Class Settlement ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement Agreement and the opportunity to opt out or object to the Settlement. Not a single Class Member opted out of or objected to the proposed Settlement Agreement.

Having received and fully considered the proposed Settlement Agreement, the supporting papers filed by Class Counsel, including the Declaration of Laura L. Ho In Support of Final Approval of Class/Collective Action Settlement; the Declaration of John Keane; and the evidence and argument received by the Court at the Fairness Hearing held on May 30, 2007, and good cause appearing; therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all plaintiffs.

3. The Court hereby certifies the class for purposes of settlement, and appoints Plaintiff Behzad Mousai as Class Representative and the law firm of Goldstein, Demchak, Baller, Borgen & Dardarian as Class Counsel for purposes of settlement.

4. For purposes of this Judgment, the term "Class" means all E-Loan employees, including the Named Plaintiff, who were employed by E-Loan in California as a Loan Consultant in the following job titles: Loan Consultant-First Mortgage, Loan Consultant-First Mortgage Core, Loan Consultant-First Mortgage Affinity, Loan Consultant-First Mortgage Relocation, Loan Consultant-First Mortgage Pre-Approval, Loan Consultant-First Mortgage Alternative Lending, Loan Consultant-Home Equity Line of Credit ("HELOC"), Loan Consultant-Pre Approval, Loan Consultant-Prime, Loan Consultant-Zip Realty, Loan Consultant-Alternative Lending, and Loan Consultant-Affinity from December 23, 2001 through June 30, 2006, inclusive, and who did not elect to be excluded from the Class.

5. Distribution of the Notice directed to the Class as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement and Plaintiff's request for reasonable attorneys' fees and costs, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. No plaintiffs objected to the Settlement. No plaintiffs opted out of the Settlement. No plaintiffs objected to the award of reasonable attorneys' fees and costs to Class Counsel.

6. This Court hereby approves the settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms length negotiations. The Court further finds

that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

7. The Court finds and determines that the settlement is fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, including the Defendant E-Loan, Inc.'s payment of up to $13.6 million to settle the monetary relief claims of the Class, plus the employer's share of payroll taxes on any settlement amounts paid for back wages.

8. The Court finds and determines that the Service Award of $20,000 to Plaintiff Behzad Mousai and Tolling Awards of $1,000 to each of the forty-two (42) class members who timely filed Consent to Join Forms prior to settlement in addition to their individual pro rata Settlement Awards is fair and reasonable, and gives final approval to and orders payment to these individuals.

9. The Court finds and determines that $3,425,000.00, in reasonable attorneys' fees, costs and expenses should be paid to Class Counsel for all the work done in this matter, and gives final approval to and orders that payment for those amounts to be made to Class Counsel from the $13,600,000 Maximum Settlement Amount, in accordance with the terms of the Settlement Agreement. Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.

10. The Court finds and determines that payment of $43,388.75 from the $13,600,000 Maximum Settlement Amount to be paid to Rosenthal & Company for the claims administration costs is fair and reasonable and gives final approval to and orders the payment be made in accordance with the terms of the Settlement.

11. All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released California Claims against the Released Parties. In addition, as of the Effective Date, each and every Released Federal Claim of each and every Settlement Class Member who filed a consent to join form is and shall be deemed to be conclusively released against the

1  Released Parties.  All Settlement Class Members who filed consent to join forms as of the Effective
2  Date are hereby forever barred and enjoined from prosecuting Released Federal Claims against the
3  Released Parties.

4      12.    The Court retains jurisdiction of all matters relating to the interpretation, administration,
5  implementation, and enforcement of this Order and the Settlement Agreement for one year from the
6  Effective Date of Settlement.

7      13.    Nothing in this Order shall preclude any action to enforce Defendant's obligations
8  under the Settlement Agreement or under this Order, including the requirement that Defendant make
9  payments to the Class Members in accordance with the terms of the Settlement Agreement.

10     14.    After administration of the Settlement has been completed in accordance with the
11 Settlement Agreement and all amounts calculated, and in no event later than two hundred-seventy
12 (270) days after the Effective Date, the Claims Administrator shall file a certificate of completion of
13 administration of settlement with this Court.

14     15.    The Court finds that the Settlement Agreement is in good faith and constitutes a fair,
15 reasonable and adequate compromise of the Released California Claims and Released Federal Claims
16 against E-Loan.

17 IT IS SO ORDERED this 30th day of May, 2007.

18                               /s/ Susan Illston
19                               THE HONORABLE SUSAN ILLSTON